IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RENANDE HENRY,<br>   Plaintiff,<br>v.<br><br>Jim Ellis Atlanta, Inc.,<br>James E. ELLIS,<br>STACEY ELLIS HODGES,<br>CRAIG PIPIN, AND<br>LLOYD ALEXANDER.<br><br>Defendants. | CIVIL ACTION NO.:<br><br>1:14cv02829 |

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE PURPORTED AGREEMENT AND INADMISSIBLE HEARSAY

COMES NOW, Plaintiff, Renande Henry, and files this her Brief in Support of Plaintiff's Motion to Strike Purported Agreement contained as an attachment to Defendants' Motion to Dismiss or Alternatively to Stay Proceedings (Doc. 7) and shows this honorable Court, as follows:

### INTRODUCTION

Defendants filed their Motion to Dismiss or Alternatively to Stay Proceedings, but failed to offer testimony, through affidavit or by a verified Answer on the record, offer a properly authenticated Agreement, and both exhibits contain inadmissible hearsay requiring this Court to strike the exhibits from the

record and deny Defendants' Motion to Dismiss or Alternatively to Stay Proceedings.

## STATEMENT OF THE FACTS

Plaintiff is a black female who was initially employed by Defendant Jim Ellis Atlanta, Inc. ("Defendant Jim Ellis") at the Jim Ellis Mazda of Atlanta dealership as a sales associate on or about August 12, 2012. (Compl., ¶ 13); (Affidavit of Renande Henry, ¶ 3)("Aff. Henry")(Doc. 10).

On or about April 12, 2013, Plaintiff was involved in an automobile sale with the used car sales manager, Defendant Pippin. (Compl., ¶ 14). Plaintiff noticed that, during her employment, Defendant Pippin would give better pricing for white customers as compared to African American customers. (Id.). When Plaintiff pointed out that Defendant Pippin was providing preferential treatment to white customers, he stated: "This isn't an order taking place. If you want to take orders, go to McDonalds." (Id.).

Plaintiff was involved in a conversation with the new car sales manager, Defendant Alexander, about another African American employee, Lisa Taylor ("Ms. Taylor"), sometime in 2013. (Compl., ¶ 15). Plaintiff was advised that Ms. Taylor filed a Charge of Discrimination against Defendant Jim Ellis and was told to stay away from Ms. Taylor. (Compl., ¶ 16). Plaintiff noticed that Ms. Taylor

was treated differently by management. (Compl., ¶ 16).

After Ms. Taylor's complaints of discrimination, Plaintiff was interviewed by Defendant Ellis, sometime in July or August 2013. (Compl., ¶ 17). Plaintiff was interviewed about the complaints made by Ms. Taylor and asked by Defendant Ellis and Defendant Hodges if she felt Ms. Taylor was treated differently. (Id.). Plaintiff advised Defendant Ellis that she and Ms. Taylor were followed. (Id.).

Almost immediately after Plaintiff participated in the investigation into Ms. Taylor's claims of discrimination, Plaintiff noticed she was treated more harshly by Defendant Pippin and Alexander. (Compl., ¶ 21). Plaintiff was no longer given internet leads and it was affecting her income. (Id.).

Plaintiff complained to her immediate supervisor, Defendant Alexander, about the lack of internet leads. Defendant Alexander stated, "If that cunt (Ms. Taylor) can make $85,000.00 per year, you can too." (Compl., ¶ 22). Plaintiff complained about Defendant Alexander's comments to Defendant Hodges, but no corrective action was taken against Defendant Alexander in violation of Defendant Jim Ellis' policy. (Compl., ¶ 23).

Further, Plaintiff requested a transfer to another dealership because she wanted to escape the racially and sexually charged hostile work environment. (Compl., ¶ 24). Plaintiff spoke with Defendant Hodges about transferring and was

told that she would have to receive permission from Defendants Alexander and Pippin. (Compl., ¶ 24). Plaintiff received permission to apply for a sales associate position within the Defendant Jim Ellis organization, but was never interviewed despite open positions being available. (Compl., ¶ 24). Plaintiff understood the Jim Ellis organization to be Defendant Jim Ellis marketing themselves as Jim Ellis Automotive Group, a family of dealerships. (Aff. Henry, ¶ 6).

Further, at all relevant times, Plaintiff received monetary compensation from Defendant Jim Ellis. (Aff. Henry, ¶ 4). However, Plaintiff was constructively discharged less than thirty to forty days after she participated in the investigation into Ms. Taylor's claims and after she complained of race discrimination and conduct by members of management. (Compl., ¶ 25).

Subsequently, Plaintiff filed the instant action with this Court. Defendants filed their Motion to Dismiss or Alternatively Motion to Stay Proceedings and attached two exhibits. (Doc. 7). Plaintiff now requests this Court strike Exhibit "1" and "2" from the record.

## LEGAL STANDARD

"The admissibility of evidence is committed to the broad discretion of the district court, and the decision to exclude certain evidence will be reversed only upon a clear showing of abuse of discretion." Hines v. Brandon Steel Decks, Inc.,

886 F.2d 299, 302 (11th Cir. 1989).

ARGUMENT AND CITATION TO AUTHORITY

**I. THIS COURT MUST STRIKE THE PURPORTED ARBITRATION AGREEMENT FROM THE RECORD BECAUSE IT IS NOT PROPERLY AUTHENTICATED.**

The purported Arbitration Agreement contained in Defendants' Motion to Dismiss or Alternatively Motion to Stay Proceedings is not properly authenticated and is inadmissible hearsay and must be stricken from the record. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the time is what the proponent claims it is." Fed. R. Evid. 901(a). A proponent may satisfy the requirement for authentication by, *inter alia*, offering testimony that the item is what is claimed to be. Fed. R. Evid. 901(b)(1).

Here, Defendants offered no testimony by any witness that the purported Agreement is authentic. In fact, Defendants offered no support for their Motion other than self-serving, conclusory statements contained in their Motion. Because the purported Arbitration Agreement has not been authenticated, Plaintiff requests that Exhibit "1" be stricken from the record.

## II. THIS COURT MUST STRIKE THE PURPORTED ARBITRATION AGREEMENT AND THE ELECTRONIC MAIL EXHIBIT BECAUSE THEY CONTAIN INADMISSIBLE HEARSAY.

The purported Arbitration Agreement and the electronic mail exhibit contain inadmissible hearsay and must be stricken from the record. "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). A declarant is defined as a person who makes a statement. Fed. R. Evid. 801(b). A statement is defined as (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion. Fed. R. Evid. 801(a).

Hearsay contains inherent risks relating to a witnesses perception, recollection, narration, and sincerity. Fed. R. Evid. 803(6) Advisory Committee's Note; See also Edmund M. Morgan, *Hearsay Dangers and the Application of the Hearsay Concept*, 62 Harv. L. Rev. 177, 182-188 (1948). Further,

> [t]he reasons for excluding hearsay are clear: when an out-of-court statement is offered as a testimonial assertion of the truth of the matter stated, we are vitally interested in the credibility of the out-of-court declarant. Because a statement made out of court is not exposed to the normal credibility safeguards of oath, presence at trial, and cross-examination, the jury has no basis for evaluating the declarant's trustworthiness and thus his statement is considered unreliable.

U.S. v. Parry, 649 F.2d 292, 294 (5th Cir. 1981). While all the risk factors are

important, the inability to conduct cross-examination is the essential factor underlying the rule excluding hearsay. <u>Anderson v. U.S.</u>, 417 U.S. 211, 220 (1974) ("The primary justification for the exclusion of hearsay is the lack of any opportunity for the adversary to cross-examine the absent declarant whose out-of-court statement is introduced into evidence.").

Here, this Court should strike Exhibits "1" and "2" because they are not supported by testimony from a competent or credible witness. Further, because no competent witness has testified on behalf of the Defendants, they have not met any of the hearsay exceptions that would authorize this Court to consider such evidence. Accordingly, Plaintiff requests this Court strike Exhibits "1" and "2" from the record.

## CONCLUSION

Based on the above and foregoing reasons, Plaintiff requests this Court strike from the record Exhibits "1" and "2" attached to Defendants' Motion to Dismiss or Alternatively Motion to Strike (Doc. 7).

WHEREFORE, Plaintiff prays that this Court grant her Motion to Strike and strike from the record certain exhibits and grant Plaintiff any and all further relief as justice demands and requires.

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that the foregoing has been prepared in Times New Roman font, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

This 12TH day of December, 2014.

/s/ Rebecca McLaws_____
Rebecca W. McLaws
Georgia Bar No. 350156
Co-counsel for Plaintiff

301 Washington Avenue
Marietta, Georgia 30060
(770) 406-6624
(770) 406-6627 (facsimile)
rebecca@mclawslawgroup.com

/s/ Nicholas D. Chester, Sr.
Nicholas D. Chester, Sr.
Georgia Bar No. 500845
Co-counsel for Plaintiff

362 West Memorial Drive
Dallas, Georgia 30132
(678) 813-1077
nick@chesterlegal.net

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RENANDE HENRY,<br>      Plaintiff,<br>v.<br><br>Jim Ellis Atlanta, Inc.,<br>James E. ELLIS,<br>STACEY ELLIS HODGES,<br>CRAIG PIPIN, AND<br>LLOYD ALEXANDER.<br><br>Defendants. | CIVIL ACTION NO.:<br><br>1:14cv02829 |

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that she served Defendants, by and through their attorney of record, with a copy of Plaintiff's Brief in Support of Plaintiff's Motion to Strike on December 12, 2014 by CM/ECF, as follows:

    Bradley T. Adler, Esq.
    Freeman, Mathis & Gary LLP
    100 Galleria Parkway, Suite 1600
    Atlanta, Georgia 30339

                                      /s/_____
                                      Rebecca W. McLaws
                                      Georgia Bar No. 350156
                                      Attorney for Plaintiff