IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RENANDE HENRY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JIM ELLIS ATLANTA, INC.; )<br>JAMES E. ELLIS; STACEY )<br>ELLIS HODGES; CRAIG PIPPIN; )<br>and LLOYD ALEXANDER )<br>)<br>)<br>Defendants. ) | CIVIL ACTION FILE NO.<br>1:14-CV-02829-CC-JSA |

**DEFENDANTS JIM ELLIS ATLANTA, INC.
AND JAMES E. ELLIS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE PURPORTED
<u>AGREEMENT AND INADMISSIBLE HEARSAY</u>**

COME NOW Jim Ellis Atlanta, Inc. and James E. Ellis, the only Defendants in this civil action who have been served ("Jim Ellis Defendants"), and file this, their Response in opposition to Plaintiff's Motion To Strike Purported Agreement and Inadmissible Hearsay.

Because Plaintiff unreasonably and inexplicably has refused to submit her claim to arbitration, the Jim Ellis Defendants have been forced to utilize the precious resources of the Court to force Plaintiff to comply with a binding Arbitration Agreement that Plaintiff does not even dispute signing. The Jim Ellis

1

Defendants respectfully request that this Court deny Plaintiff's Motion and award the Jim Ellis Defendants their reasonable attorneys' fees in responding to this Motion and in filing their Motion to Dismiss to Compel Arbitration.

## I.  INTRODUCTION

On November 3, 2014, the Jim Ellis Defendants filed a Motion To Dismiss Or, Alternatively, Motion To Compel Arbitration And Stay Proceedings based upon a binding Arbitration Agreement that was signed by Plaintiff during her employment. Rather than filing a timely response (and without a hint of explanation or a request for an extension of time) Plaintiff filed a stand-alone affidavit and an untimely Motion To Strike, apparently claiming that the Arbitration Agreement is inadmissible hearsay.

As discussed in detail below, Plaintiff's Motion should be rejected for three reasons. First, Plaintiff's Motion is untimely. Any response by Plaintiff in opposition to this Motion was due to be filed no later than November 20, 2014. Plaintiff failed to respond to the Jim Ellis Defendants' Motion within that time frame.

Second, Plaintiff's Motion is improper because a contract, such as the Arbitration Agreement at hand, is not hearsay because contracts are admissible due to their independent legal significance.

2

Finally, even if Plaintiff's arguments are somehow grounded in legal support (which they are not), Defendants have attached an affidavit confirming that the Arbitration Agreement properly may be considered within the business records exemption to hearsay.

Upon review, it is clear that Plaintiff's Motion is frivolous, vexatious and reeks of bad faith. Plaintiff does not even argue that she did not sign the Arbitration Agreement, nor does she argue that the Arbitration Agreement is not enforceable with respect to her claims.

Rather, Plaintiff forces Defendant to respond to her procedural charade. The Jim Ellis Defendants again request that this Court use its power to sanction Plaintiff and award the Jim Ellis Defendants their reasonable fees in preparing the initial Motion to Dismiss and also responding to the Plaintiff's meritless Motion.

## II. LEGAL ARGUMENT

### A. Plaintiff's Response Should Not Be Considered Because It Is Not Timely

The United States District Court for the Northern District of Georgia Local Rule 7.1(B) provides that any party opposing a motion shall serve the party's response not later than fourteen (14) days after service of the motion. The rule also explicitly states that failure to file a response shall indicate that there is no opposition to the motion. Id. See also Welch v. Delta Air Lines, Inc., 978 F. Supp.

1133, 1137 (N.D. Ga. 1997) (holding as initial matter that arguments not responded to by non-movant were deemed unopposed); Cahela v. James D. Bernard, D.O., P.C., 155 F.R.D. 221, 223 (N.D. Ga. 1994) (granting portions of motion that were not opposed by non-movant).

Here, Plaintiff did not respond to the Jim Ellis Defendants' Motion, nor did Plaintiff provide any explanation for her lack of response. Instead, *thirty-nine* days after the Jim Ellis Defendants filed their Motion, Plaintiff filed a tenuous Motion to Strike[1], claiming that the arbitration agreement should not be considered by this Court on hearsay grounds. Plaintiff's Motion is untimely and should be rejected.

**B.      The Arbitration Agreement Submitted By The Jim Ellis Defendants Is Not Hearsay**

Even if Plaintiff did not waive her objection by failing to raise it in a timely manner, Plaintiff's Motion fails entirely because, contrary to the arguments in her Motion, a contract, such as the Arbitration Agreement, is not hearsay. Courts within this circuit repeatedly and consistently have ruled that contracts submitted into evidence are not subject to hearsay objections because the contract or

---

[1] Plaintiff's use of a "Motion to Strike" also is improper. Since a motion to strike pursuant to Rule 12(f) may only be directed toward matters contained within the pleadings, the proper method for challenging the admissibility of evidence is to file a notice of objection to the challenged testimony. See FED. R. CIV. P. 12(f); Jordan, 227 F. Supp. 2d at 1346.

4

agreement is submitted as a document having independent legal significance. See United States v. Mena, 863 F.2d 1522, 1531 (11th Cir. 1989) ("defendants object that the document contains inadmissible hearsay; this objection is likewise without merit. The portion of the document explicitly granting consent to board the *Don Yeyo* is not hearsay at all; but rather a verbal act, similar to the utterances involved in making a contract, to which the law attaches independent significance"); Owners Ins. Co. v. James, 295 F. Supp. 2d 1354, 1358 (N.D. Ga. 2003) (holding that "the law attaches independent significance to the statements involved in making a contract; thus, such statements do not constitute hearsay"); U.S. Faucets, Inc. v. Home Depot U.S.A. Inc., 2006 WL 1518887 at *8 (N.D. Ga. May 31, 2006) ("Signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance, and are nonhearsay"); Moody v. Coliseum Psychiatric Ctr., LLC, 2006 WL 1652281, at *5-6 (M.D. Ga. June 12, 2006) (noting that "[a] contract, for example, is a form of verbal act to which the law attaches duties and liabilities and therefore is not hearsay").

### C.     The Arbitration Agreement Presented By These Defendants Is Properly Authenticated

Plaintiff half-heartedly implies (without citing any authority to support her claim) that the Arbitration Agreement should not be considered because it was not

authenticated by the Jim Ellis Defendants.[2] Plaintiff ignores, however, that the Jim Ellis Defendants have satisfied their burden of authentication by producing an Arbitration Agreement signed by Plaintiff, a document Plaintiff does not even dispute she signed.

The Eleventh Circuit has held that "a party seeking to avoid arbitration must unequivocally deny that an agreement to arbitrate was reached and must offer some evidence to substantiate the denial...More specifically, we require a party resisting arbitration to substantiate[ ] the denial of the contract with enough evidence to make the denial colorable." Wheat, First Secs., Inc. v. Green, 993 F.2d 814, 819 (11th Cir. 1993); Magnolia Capital Advisors, Inc. v. Bear Stearns & Co., 272 F. App'x 782, 785 (11th Cir. 2008).

Under binding Eleventh Circuit precedent, an arbitration agreement presented to the court is presumed to be authentic and the burden shifts to Plaintiff

---

[2] Plaintiff also tries to argue that the email included in Exhibit 2 of the Jim Ellis Defendants' Motion is hearsay or not authentic. Of course, the email was submitted for the purpose of establishing that Brad Adler, counsel for the Jim Ellis Defendants, provided Plaintiff with advance notice of her need to submit her claim to arbitration, which she still refuses to do. Mr. Adler may make this statement as a sworn officer of the Court, and the email and information provided in the Jim Ellis Defendants' Motion to Dismiss Or Compel Arbitration is proper. Perhaps most concerning is that Plaintiff's counsel again does not deny that she is refusing to submit the case to arbitration or that the Arbitration Agreement is valid and controls this claim, but instead she is trying to force the Jim Ellis Defendants to expend as much money as possible to reach this forum.

to show that no valid contract existed and she must "unequivocally deny that an agreement to arbitrate was reached and must offer some evidence to substantiate the denial." See <u>Chambers v. Groom Transp. Of Alabama</u>, 2014 WL 4230056 at *9 (M.D. Ala. Aug. 26, 2014).

Simply stated, courts enforce arbitration agreements where the agreement has been produced and the plaintiff does not meaningfully contest the authenticity of her signature. See <u>Chambers v. Groome</u>, 2014 WL 4230056 at *9 ("Because there is no unequivocal and substantiated denial from Ms. Adams, Groome Transportation has demonstrated a written agreement between it and Ms. Adams for arbitration of her claims in this suit. This much does not appear to be in dispute."). Therefore, the Arbitration Agreement submitted by the Jim Ellis Defendants is authenticated, and Plaintiff's Motion should be denied.

### D.   Mary Cole's Affidavit Affirmatively Satisfies Any Hearsay And/Or Authenticity Issues Raised By Plaintiff

Finally, although the Jim Ellis Defendants do not believe it is necessary, they have attached to this response brief an Affidavit of Mary Cole, the Human Resources Director for Jim Ellis Atlanta, Inc. (Exhibit 1, Affidavit of Mary Cole). Ms. Cole confirms that she is the custodian of the Arbitration Agreement submitted by the Jim Ellis Defendants with their Motion, that the copy submitted is a true and accurate copy of the record that she maintains, that it is kept in the regular course

of business for Jim Ellis Atlanta, Inc. and that making and maintaining the record (the Arbitration Agreement) is part of the regular practice of Jim Ellis Atlanta, Inc. (Exhibit 1, ¶ 1-2). Thus, even if Plaintiff's arguments had any merit (which they do not), the Arbitration Agreement is a self-authenticating business record pursuant to Federal Rules of Evidence 803(6) and 902.

### III.   CONCLUSION

For the foregoing reasons, these Defendants respectfully request that this Court deny Plaintiff's Motion to Strike and award the Jim Ellis Defendants their reasonable attorney's fees in having to file their initial Motion to Dismiss and responding to Plaintiff's Motion.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**
/s/ *Bradley T. Adler*
Bradley T. Adler
Georgia Bar No. 005525
Martin B. Heller
Georgia Bar No. 360538

Counsel for the Jim Ellis Defendants

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
T: (770) 818-0000
badler@fmglaw.com
mheller@fmglaw.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), by his signature above, Bradley T. Adler hereby certifies that the foregoing **RESPONSE** has been prepared in compliance with Local Rule 5.1(B) in 14-point New Times Roman type face.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RENANDE HENRY, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION FILE NO. |
| v. ) | 1:14-CV-02829-CC-JSA |
| ) | |
| JIM ELLIS ATLANTA, INC.; ) | |
| JAMES E. ELLIS; STACEY ) | |
| ELLIS HODGES; CRAIG PIPPIN; ) | |
| and LLOYD ALEXANDER ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day submitted the within and foregoing **DEFENDANTS JIM ELLIS ATLANTA, INC. AND JAMES E. ELLIS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE PURPORTED AGREEMENT AND INADMISSIBLE HEARSAY** to the Clerk of Court using the CM/ECF system which will automatically send electronic mail notification of such filing to parties who are CM/ECF participants. Counsel of record are:

Rebecca W. McLaws, Esq.  
McLaws Law Group, LLC  
301 Washington Avenue  
Marietta, Georgia 30060  

Nick Chester, Esq.  
Chester Law Group, LLC  
362 West Memorial Drive  
Dallas, Georgia 31032  

This the 24th day of December, 2014.

/s/ Bradley T. Adler
Bradley T. Adler
Georgia Bar No. 005525

10